[No. 997-3.    Division Three.    January 31, 1975.]

ANNA E. STRONG, *Appellant*, v. FREDERICK C. DRUMHELLER *et al., Respondents.*

John L. Neff (of *Witherspoon, Kelley, Davenport & Toole*), for appellant.

*William J. Powell* and *William D. Roberts*, for respondents.

MUNSON, J.—Plaintiff, Anna Strong, is a residuary legatee, who claims her testatrix, Mary Louise Corbin, held a vested interest in a trust which should pass by the will of the testatrix to her. She advances three theories in support of her contention:

(1) Intention of the settlors was to create an outright gift to the testatrix;

(2) The Rule in Shelley's Case is applicable; and

(3) In 1961, the original trust property was exchanged for shares of stock, at which time the stock should have been distributed to the beneficiaries, the purpose of the trust having been completed; the stock should now be distributed. We disagree.

Plaintiff is the sole residuary legatee of the will of Mary Louise (Hoffman) Corbin. For many years plaintiff was secretary to the testatrix's father. In 1943, the testatrix's parents established this trust, naming the testatrix and her sister, Katharine Corbin, beneficiaries.

The defendants are the grandchildren of the settlors, and

sole issue of Katharine Corbin (Cutler), sister of Mary Louise Corbin, who died leaving no issue.

The trust agreement contains the following pertinent language:

WHEREAS, said Trustors [Austin Corbin 2nd and Katharine I. Corbin] have purchased the property hereinafter referred to, which consists of an undivided one-half interest in the property more particularly described herein, . . . and,

. . . have caused said trust property to be conveyed to the Trustee herein . . .

. . .

as Trustee in trust for and upon the following trusts, purposes and conditions, to wit:

1 That as to an undivided one fourth interest (one half of the trust property) all of the net income or principal hereinafter received from or in connection with said property the Trustee will promptly pay (subject to the terms of paragraph 5 hereof) to the Old National Bank of Spokane, or its successor, as Trustee, under the terms of that certain declaration of trust executed by May [sic] Louise Hoffman and accepted by the Old National Bank and Union Trust Company of Spokane (now the Old National Bank of Spokane, Washington) as Trustee, under date of July 15th, 1941, known as the Mary Louise Hoffman trust, but in the event the said trust has been canceled or revoked then the Trustee herein shall pay such sums to Mary Louise Hoffman, or in the event she shall be deceased, in equal proportions to her then living issue at the time of such distribution, or there are no such issue living then to Katharine Corbin Cutler, or her living issue.

. . .

4 That the Trustee for himself, his heirs, executors, administrators and assigns will sell and convey, exchange, lease or otherwise dispose of said trust property or any part thereof, or any property acquired in lieu thereof, to such person or persons at such time or times and in such manner and upon such terms as may be authorized and directed by Austin Corbin, 2nd during his lifetime, or upon his demise by Katharine I. Corbin, or upon the death of both, then at the request of Mary Louise Hoffman and Karharine [sic] Corbin Cutler or the survivor, or if they shall also be deceased, then then [sic] in his sole discre-

tion;[1] Provided however, that such property shall not be conveyed to either Austin Corbin 2nd, or Katharine I. Corbin without adequate consideration.

In 1961, after the death of the settlors, and with the consent of both beneficiaries, the trust realty was transferred to the Corbin Investment Company in exchange for shares of stock. There is no evidence either sister ever exercised any other rights under paragraph 4 of the trust, such as requesting a distribution of the stock to themselves.

Plaintiff's contention that the settlors intended an outright gift is not well taken. We concur with the trial court that neither the language of the trust nor plaintiff's evidence is sufficient to support this contention.

Plaintiff next contends that the language in paragraph 1 of the trust that the "net income or principal" should be paid to Mary Louise (Hoffman) Corbin "or in the event she shall be deceased, in equal portions to her then living issue at the time of such distribution," is governed by the Rule in Shelley's Case. We disagree.

The requisites of that rule are set forth in *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 P. 6 (1924) at 268-69:

> "first, a freehold estate; second, a limitation of the remainder to the heir or heirs of the body *of the person taking the freehold estate,* by the name of the heirs as a class, and without explanation, as meaning sons, children, etc.; third, the estates of freehold and in remainder must be created by the same instrument; fourth, the estates must be of the same quality—that is, both legal or both equitable."

This rule has been abolished by statute in this jurisdiction as it pertains to wills, RCW 11.12.180; *Rubenser v. Felice,* 58 Wn.2d 862, 866, 365 P.2d 320 (1961), but continues to apply to a nontestamentary trust. *Fowler v. Lanpher,* 193 Wash. 308, 320, 75 P.2d 132 (1938). The rule, however, is given a strict interpretation. This trust does not use the

---

[1] In 1965, the defendant, Frederick C. Drumheller, was appointed trustee by means of written agreement. Thereafter, in 1971 he disposed of the trust property in its entirety, pursuant to paragraph 4 of the trust agreement, by equally distributing the property to himself, and his sister, Mary Kay McAllister.

694

words "heir or heirs of the body," and we decline to apply the rule when those terms are not used. Cf. 2 A. Scott, *Trusts* § 127.2, at 998 (3d ed. 1967); Annot., 99 A.L.R.2d 1161, 1175, § 9 (1965).

Lastly, plaintiff contends the trustee should have made a distribution of the income and principal at the time the real property was exchanged for stock. We disagree. Under paragraph 4, the beneficiaries could have compelled the trustee to make such a distribution; but in the absence of authorization and direction to do so, the trustee had no such power during the lifetime of the beneficiaries. There is no evidence that the sisters ever authorized and directed such a distribution.

Judgment is affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied April 1, 1975.

Review denied by Supreme Court May 20, 1975.